STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-62

MATTHEW CHAMBERLAIN et al.,

Plaintiffs,

v.

**ORDER**

LINDA L. FENDERSEN,

Defendant.

### I.    Background

Plaintiffs bring this action seeking a declaratory judgment regarding an easement benefitting their property in Saco. The plaintiffs request the court declare they possess an implied or "quasi" easement to access McKenney Road. The defendant moves to dismiss the complaint.

### II.    Discussion

In ruling on a motion to dismiss, the court views the facts in the complaint as admitted, *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, and then considers whether the complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (citation omitted).

The elements of an implied easement require the plaintiff establish:

(1) the property when in single ownership [was] openly used in a manner constituting a "quasi-easement," as existing conditions on the retained

1

*(2)* land that are apparent and observable and the retention of which would clearly benefit the land conveyed; (2) the common grantor, who severed unity of title, . . . manifested an intent that the quasi-easement should continue as a true easement, to burden the retained land and to benefit the conveyed land; and (3) the owners of the conveyed land . . . continued to use what had been a quasi-easement as a true easement.

*Northland Realty, LLC v. Crawford*, 2008 ME 92, ¶ 13, 953 A.2d 359. The plaintiff must establish both the intent to create an easement by implication as well as preexisting actual use. *Id.*

The plaintiffs allege that their "property has no direct frontage on any public street," the grantor "did not intend to landlock the property he retained, when he conveyed the parcel" to plaintiffs' predecessors in title, and the grantor conveyed to plaintiffs' predecessors "intending to reserve an easement for the benefit of the premises he retained." (Pl.'s Compl. ¶¶ 14-17.)

Plaintiffs fail to allege that the grantor or the subsequent owners actually used an area of land in a manner that would create an easement by implication. Use that predates the conveyance and continues after the conveyance is essential to establish the plaintiff's requested relief. *Crawford*, 2008 ME 92, ¶ 13, 953 A.2d 359. In the absence of facts alleging past and continued use, there can be no implied or quasi easement and thus the complaint fails to state a claim. Although the court grants the defendant's motion to dismiss, plaintiffs shall have an opportunity to file an amended complaint.

The entry shall be:

2

Defendant's motion to dismiss is GRANTED. Plaintiffs are granted leave to amend the complaint.

SO ORDERED.

DATE: October 16, 2015

_____
John O'Neil, Jr.
Justice, Superior Court

RE-15-62

ATTORNEY FOR PLAINTIFF:
FRANK K N CHOWDRY
CHOWDRY PHALON LLC
2 MONUMENT SQUARE SUITE 704
PORTLAND ME  04101

ATTORNEY FOR DEFENDANT:
DAVID JONES
JENSEN BAIRD GARDNER HENRY
11 MAIN STRET SUITE 4
KENNEBUNK ME  04043

z